# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-------------------------------------------------------------------x

                Plaintiff/Petitioner,

- against -     Index No.

                Defendant/Respondent.
-------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically

    - free access to view and print your e-filed documents

    - limiting your number of trips to the courthouse

    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

_____
Name

_____
Firm Name

_____
Address

_____
Phone

_____
E-Mail

To: _____

_____

_____

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X
GABRIELLE MARTUCCI,

                Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, AND THE
BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF
NEW YORK,

                Defendants.
-------------------------------------------------------X

Index No.: 518160/2023
Date Purchased: 06/23/2023

Plaintiff designates Kings
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's place of business

Plaintiff resides: 34 Holly Ave.
Staten Island, NY 10308

To the above-named Defendant:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       June 21, 2023

Yours, etc.,

STEWART LEE KARLIN
LAW GROUP, PC

  *s/Stewart Lee Karlin*
STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, New York, 10038
(212) 792-9670

**DEFENDANTS' ADDRESS:**
ATT: CORPORATION COUNSEL
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X
GABRIELLE MARTUCCI,

            Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, AND THE
BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF
NEW YORK,
            Defendants.
--------------------------------------------------------X

**COMPLAINT**

Index No. 518160/2023

Plaintiff, Gabrielle Martucci, by and through her attorneys, Stewart Lee Karlin Law Group, PC, respectfully alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This is an action pursuant to 29 USC. Section 701, et seq. and the Rehabilitation Act 29 USC. Section 794I and Administrative Code of the City of New York § 8-102 (NYCHRL) where Plaintiff alleges that Defendant discriminated and retaliated against her based on her gender and retaliation. This action seeks compensatory damages including emotional distress; damages to Plaintiff's reputation; other damages; reasonable attorney fees plus the costs and disbursements of this lawsuit, such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

2. This is an action pursuant to 29 USC. Section 701, et seq. and the Rehabilitation Act 29

1

USC. Section 794 to vindicate the civil rights of Plaintiff. In addition, Plaintiff is seeking to vindicate her civil rights under the New York City Human Rights Law (NYCHRL) pursuant to the Administrative Code of the City of New York § 8-107.

3. Plaintiff contends that defendants altered his employment terms, conditions, and privileges because he advocated on behalf of disabled, special education students, because she was sexually harassed and retaliated against for advocating for disabled special education students and because she complained about sexual harassment.

4. Defendant's principal offices where they maintain personnel records are located in the County of Kings.

5. At all relevant times, the NYCDOE has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York and been and continues to be a recipient of substantial federal funds, and as such, is subject to the mandates under the Rehabilitation Act of 1973, 29 USC § 794, et seq., (the "Rehabilitation Act"), and Section 503 of the Americans with Disabilities Act, 42 USC § 12203 (the "ADA"), which prohibits retaliation against individuals, such as Plaintiff herein, for his opposition to Defendant's discriminatory acts against disabled special education students (or "SE students") and for his advocacy on behalf of disabled SE students.

6. Specifically, Section 504 of the Rehabilitation Act, or 29 U.S.. § 794(d), expressly incorporates the anti-retaliation provision of Section 503 of the Americans with Disabilities Act, 42 USC § 12203, et seq., which prohibits Defendant from retaliating against "any individual" because he or she opposes any act or practice made unlawful by the Act. See,

2

42U.S.C.A. § 12203. Thus, this Court has concurrent jurisdiction over the 504 claim. In addition, the Court has jurisdiction of the NYCHRL claim pursuant to NYC Administrative Code 8-502.

## PARTIES

7. Plaintiff, Gabrielle Martucci (hereinafter referred to as "Plaintiff" or "Ms. Martucci"), is a resident and the State of New York, County of Richmond. At all relevant times herein, Plaintiff was an "employee" of Defendant Department of Education of the City of New York and the Board of Education of the City School District of the City of New York. (hereinafter DOE) as defined by all applicable statutes.

8. Defendant DOE is a school district under the laws of the State of New York, which is in charge of all public schools in the City of New York. At all relevant times herein, the D.O.E. was Plaintiff's "employer" as that term is defined by all relevant statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff is a teacher, licensed in physical education and started working for the Department of Education in 2019. Plaintiff started working at the Jacqueline Kennedy Onasis School in Manhattan in 2019. After she was excessed, she was transferred to Origins High School in 2020, located at 3000 Avenue X, Brooklyn NY 11235. All the relevant events described below occurred at Origins High School.

10. During the school year of 2019-2020, Plaintiff's performance was effective.

11. In 2020-2021 school year, Plaintiff was rated highly effective and effective.

12. However, in 2021-2022, Plaintiff was rated unsatisfactory and Plaintiff was retaliated

3

against for reporting her Assistant Principal and Principal Banks as follows.

13. When the 2021-2022 school year started, on or about September 2021, Plaintiff was a victim of sexual harassment by her high school students at the school.

14. Specifically, while teaching her physical education classes, a student repeatedly told Plaintiff in front of other students "I want to clap your cheek", referring to touching Plaintiff's buttocks. This student said this several times during her class, despite Plaintiff urged him to stop making those comments.

15. At the times these events occurred, Plaintiff immediately verbally complained about the sexual harassment to her Assistant Principal and to Principal Banks but nothing was done.

16. In addition, Plaintiff was told by Principal Banks not to write the student up. Because of the failure to discipline the student, the sexual harassment continued.

17. On or about October 2021, Plaintiff also complained to AP Dara Kammerman on behalf of a special education student assigned to her physical education class because his IEP was not being followed and he was not getting the services he was supposed to receive.

18. Specifically, this student was disabled and could not move his arms and the IEP stated that he required adaptive assistance in order to participate in Plaintiff's class. This adaptive assistance was not provided. Without the adaptive assistance there was a safety issue for the student. Thus, she complained to AP Dara Kammerman and a meeting was set up between the student's paraprofessional, Plaintiff and AP Dara Kammerman.

19. At the meeting, the implementation of the student's IEP was not resolved and AP Kammerman stated to Plaintiff that despite the IEP she "knew what was best for the student"

unlike Plaintiff and scolded Plaintiff.

20. After the meeting, AP Kammerman was visibly upset that Plaintiff complained, yelled at her and thereafter was hostile towards Plaintiff and retaliated against her as follows.

21. By December 2021, Plaintiff was still being subjected to sexual harassment by her high school students. The school administration had notice since September 2021, yet they did nothing and allowed the sexual harassment to get worse.

22. On or about the second week of December 2021, Plaintiff was informed that a male student S. and male student J. had started a false insidious rumor in the school about Plaintiff. Student S. said that Plaintiff was having sex with kids at the school. This is categorically false.

23. Specifically, on or about December 12, 2021, two female students K. and K. came up to Plaintiff and told her "Ms. Martucci, this is important I have to tell you the things these kids is saying about you" Then one of them whispered in Plaintiff's ear "Z. said you was fucking kids in the school but I know that's not true. I just wanted to let you know before it gets worse." Other students confirmed this rumor.

24. After the class was over, Plaintiff complained to AP Beaudry. After Plaintiff's complaint, nothing was done and the rumor kept spreading. The next days, Plaintiff was told by the students that she had sex with seniors. Another student told her that she had sex with the whole football team. Student J. also claimed to have seen a video of Plaintiff having sex with a student. All of these rumors were categorically false and permeated Plaintiff's work environment with ridicule, embarrassment, fear and humiliation.

25. Upon information and belief, student J. was actively spreading these rumors every day.

5

Plaintiff complained to Principal Bank and requested that student J. be removed from her class as Plaintiff felt sexually harassed by him. The administration failed to act. Given the administration's failure to act, the sexual harassment escalated further.

26. On or about December 14, 2022, Plaintiff was talking with AP Beaudry, and as she walked to her office, two students approached her to ask her if she would still be the wrestling coach and said "what is wrong with your eyes, looks like you were crying a lot, I know it is not true". Plaintiff was very upset and cried a lot that week. Student J. was joking about Plaintiff's emotional state.

27. On the same, day, in yet another incident, student T. followed Plaintiff to her car as she was walking outside at the end of her shift, looked at her, licked his lips in a sexual manner and asked her "Where are you going Ms. Martucci". Plaintiff complained about sexual harassment again, as it was getting worse in her workplace but again nothing was done.

28. The next day on or about December 15, 2021, Plaintiff complained again via email and requested to have student J. removed from her class as the sexual harassment and hostility was intensifying.

29. Thereafter on or about December 18, 2021, Plaintiff contracted Covid-19 and was away from the school until the winter break was over.

30. On or about December 24, 2021 Plaintiff reported Principal Banks to SCI and made a grievance regarding his failure to act in reference to her continuous sexual harassment complaints.

31. Upon information and belief, SCI started an investigation against Principal Banks.

6

32.     Upon Plaintiff's return to the school in January 2022, she was retaliated against because of her protected activity.

33.     On or about January 19, 2022, Plaintiff found out that she was being investigated by SCI with eight false allegations in reference to the false rumors the students at Origins promoted. She was removed from her job duties from January 19, 2022 to May 12, 2022.

34.     Among the false allegations were having sex with senior high school students, buying the students food, telling the students to hang out with her after school hours, driving a student home, having sexual conversations with a student, meeting a student at her class. While Plaintiff was out of the school, she continued to be sexually harassed by the students of Origins through an Instagram page, texts and messages she was not allowed to respond to due to the investigation.

35.     In May 2022, Plaintiff received a letter to be restored in service (the investigation was against her was found baseless), however, Plaintiff had contracted COVID-19 again and had to be out of service until about May 26, 2022.

36.     Three days before Plaintiff was set to come back to work (on or around May 26, 2022), Plaintiff emailed the administration to let them know she was coming back on that date and to ask for her schedule back. Nevertheless, when Plaintiff came back, she found out that a second retaliatory false CSI investigation was started against her by AP Kammerman.

37.     Further, the administration did not give her schedule back upon her return.  Upon Plaintiff's return, she was left with no class to teach and no students.  Instead, in retaliation for her previous complaints, she no longer had the duties of a teacher as she was not allowed to

7

teach.

38. Plaintiff was put in other teacher's classes to take essentially the job of a paraprofessional where she was only allowed to observe students and assist any teacher in any class that needed assistance.

39. Plaintiff was even placed in other classes that were not physical education classes such as science, math and ELA classes in which she was not licensed to teach or assist.

40. In addition, Plaintiff was supposed to have two observations and this did not occur.

41. Thereafter, Plaintiff had a pretextual disciplinary meeting with AP Kammerman and filed a grievance thereafter. Because Plaintiff was out four months given the retaliatory investigation the DOE started against her, the DOE used this pretext not to grade Plaintiff with the required Danielson rubric and gave her a "U" rating at the end of the school year at the end of June 2022.

42. Specifically, Principal Banks called Plaintiff to discuss her rating as a teacher for the year. He gave Plaintiff a "U" rating because of section 1. B number 10 which is "attention to pupil health, safety, and general welfare" based on the illegal investigation/ retaliation and letter that went along with that false investigation against Plaintiff which was conducted by AP Kammerman.

43. Principal Banks justified the "U" rating due to the letter sent along with the investigation, however, this letter was not put in Plaintiff's teaching file and Plaintiff was told they could not hold her accountable for it when she put in the grievance against AP Kammerman for conducting the retaliatory investigation.

44. On the rating sheet Plaintiff has an "S" rating (satisfactory) in every other aspect of the

8

rating. This was another act of retaliation and harassment against Plaintiff from AP Kammerman and Principal Banks. When this occurred, Plaintiff's observations were all highly effective and effective as a teacher.

45. The "U" rating was given in retaliation for the complaint Plaintiff filed against Principal Bank back in December. However, since Plaintiff was out of the school for four months, this was the first chance Principal Banks had to retaliate against her.

46. In June 2022, Plaintiff complained against Principal Banks and AP Kammerman for the retaliatory "U" rating she received.

47. As a result of the "U" rating, Plaintiff is no longer eligible to do any coaching (she used to coach the track and wrestling team) or do any per session jobs. These jobs were a significant part of Plaintiff's income. In addition, Plaintiff is on the ineligible list and is no longer eligible to transfer to another school.

48. Due to the ongoing, intentional, and willful continuous conduct is a continuing violation under the NYCHRL.

49. By reason of the foregoing Plaintiff has been discriminated (hostile work environment and disparate treatment) due to her gender (sexual harassment) in violation of the New York City Administrative Code, and further retaliated against due to making complaints regarding sexual harassment to the administration, and for complaining about the administration's failure to act.

50. Moreover, Plaintiff was retaliated against under Section 504 for advocating on behalf of a special education student. Plaintiff has suffered loss of pay and benefits, pain and suffering and damage to his reputation.

51. Plaintiff spoke out (advocated on the special education students' behalf) regarding the welfare of the special education student population at the School.

52. As a direct result of Plaintiff's advocacy for special educations students and his complaints regarding the lack of services, support and resources, and other advocacy set forth above for special education students, Plaintiff was retaliated against as set forth above.

53. Plaintiff duly filed a notice of claim and the claim was not adjusted. Thus, Plaintiff has met all conditions precedent prior to filing this lawsuit.

### FIRST CAUSE OF ACTION-504 RETALIATION CLAIM

54. Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth at length herein.

55. As a direct result of Plaintiff complaining about neglecting to enforce laws pertaining to special education and disabled students and advocating on their behalf, Plaintiff was retaliated against by Defendant by being terminated.

56. Defendant, DOE, violated the Rehabilitation Act, 29 USC. Section 504, et seq. by retaliating against Plaintiff because he advocated on behalf of disabled, Special Education students.

57. As a direct result of the Defendants' violation of 504, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

### AS AND FOR A SECOND CAUSE OF ACTION-NYCHRL

58. Plaintiff repeats, reiterate, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

10

59. As a result of the foregoing intentional continuing discrimination and retaliation, the Department of Education of the City of New York, and the Board of Education of the City School District of the City of New York violated New York City Administrative Code 8-107 by discriminating against Plaintiff due to her gender (female), religion and retaliation by subjecting Plaintiff to a hostile work environment, disparate treatment and otherwise discriminating against her.

60. As a result of Defendant violating the Administrative Code, Plaintiff has been damaged

## PLAINTIFF DEMANDS A TRIAL BY JURY

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

a. A declaration from the Court that Defendant violated Section 504 and expungement of letters to the file and her unsatisfactory evaluation and that the NYC DOE "Problem Code" from her file, and that she will not be flagged as ineligible for employment with the DOE and vendors;

b. That her, evaluations, and letters to the file be expunged and the Defendant be ordered to change the evaluations to effective or satisfactory;

c. Back pay and compensatory damages for pain and suffering;

d. Damages to reputation;

e. Attorney fees and costs;

f. Any other relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
      June 21, 2023

                                        Respectfully submitted,

                                        STEWART LEE KARLIN
                                        LAW GROUP PC

                                        <u>s/Stewart Lee Karlin</u>
                                        STEWART LEE KARLIN
                                        Attorneys for Plaintiff
                                        111 John Street, 22nd Floor
                                        New York, N.Y. 10038
                                        (212) 792-9670

## **VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF NEW YORK)     ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action;  I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
         June 21, 2023

                                        *s/Stewart Lee Karlin*
                                        STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated:  New York, New York
           June 21, 2023

                                                                *s/Stewart Lee Karlin*
                                                                STEWART LEE KARLIN, ESQ.



# NYSCEF Confirmation Notice
## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 06/22/2023 11:09 AM. Please keep this notice as a confirmation of this filing.

**518160/2023**
Gabrielle Martucci v. The Department of Education of the City of New York et al
Assigned Judge: None Recorded

## Documents Received on   06/22/2023 11:09 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Stewart Lee Karlin | slk@stewartkarlin.com | (212) 792-9670
111 John Street, 22nd Floor, New York, NY 10038

## E-mail Notifications

An email regarding this filing has been sent to the following on 06/22/2023 11:09 AM:

  STEWART L. KARLIN - slk@stewartkarlin.com

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | The Department of Education of the City of | No consent on record. |
| Respondent | The Board of Education of the City School District of | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov
Phone: Phone: 347-404-9766 or 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of  1